ACCEPTED
13-15-00133-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
9/17/2015 4:08:29 PM
Dorian E. Ramirez
CLERK

## NO. 13-15-133-CV

# IN THE COURT OF APPEALS
# FOR THE THIRTEENTH DISTRICT OF TEXAS
# AT EDINBURG, TEXAS

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
9/17/2015 4:08:29 PM
DORIAN E. RAMIREZ
Clerk

_____

## CITY OF PHARR TEXAS,
### Appellant

## VS.

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
9/17/2015 4:08:29 PM
DORIAN E. RAMIREZ
Clerk

## DORA HERRERA, ET AL
### Appellee

_____

## Original Appellate Proceeding from the County
## 370TH District Court - Hidalgo County, Texas

_____

## APPELLANT CITY OF PHARR'S
## REPLY BRIEF

_____

RICARDO J. NAVARRO
REBECCA S. HAYWARD
**DENTON, NAVARRO, ROCHA
BERNAL, HYDE & ZECH, P.C.**
701 E. Harrison St., Ste. 100
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)
**COUNSEL FOR APPELLANTS
THE CITY OF PHARR, TEXAS
ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

**Issue Presented #1: The Trial Court Erred in Denying the Defendant City's Jurisdictional Plea Because Plaintiff Never Presented, in Pleading or Proof, a Cause of Action That Overcomes the General Rules of Government Immunity**.................................................................................2

    **A. The Motor Vehicle Exception and the Requirement of Causation**...........................................................................2

    **B. The Standard of Care In An Emergency Situation** ...................8


**Issue Presented #2: The City Can Not Be Held Liable Under the Tort Claims Act Because Officer Gonzalez Would Otherwise Be Entitled to Official Immunity For Carrying Out His Law Enforcement Duties In Good Faith**..........................11

    **A. Officer Gonzalez Acted In Reasonable Good Faith As A Matter of Law**.......................................................................11

# TABLE OF AUTHORITIES

**Cases**

*City of Amarillo v. Martin*, 971 S.W.2d 426, 430 (Tex.1998) ......................10

*City of Dallas v. Hillis*, 308 S.W.3d 526, 532 (Tex. App - Dallas) .................5

*City of Pasadena v. Kuhn*, 260 S.W.3d 93, 99-100 (Tex. App - Houston 2008) ...................................................................................................12

*City of San Angelo Fire Dept. v. Hudson*, 179 S.W.3d 695, 701-02 (Tex. App. - Austin 2005, no pet.) ...........................................................13

*City of Sugarland v. Ballard*, 174 S.W.3d 259 (Tex. App. - Houston [1st Dist.] 2005, no pet.) ....................................................................7

*Dallas County Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 343 (Tex.1998) ....................................................................5

*DeWitt v. Harris County*, 904 S.W.2d 650, 653 (Tex. 1995) .....................15

*Lancaster v. Chambers,* 883, S.W.2d 650, 653 (Tex.1994) ......................13

*LeLeaux v. Hamshire-Fannett Indep. Sch. Dist.,* 835 S.W. 2d 49, 51 (Tex. 1992) ................................................................................................5

*Lopez v. Escobar*, No. 04-13-00151-CV, 2013 WL 4679062, at *5 (Tex. App.-San Antonio Aug 28, 2013, no pet.) ...........................................6

*Mount Pleasant Indep. Sch. Dist. v. Estate of Lindburg,* 766 S.W.2d 208 (Tex. 1989) ..................................................................................5

*Northcutt v. City of Hearne*, No. 10-14-00012-CV, 2015 WL 4727197 (July 30, 2015). ....................................................................................8

*Pakdimounivong v. City of Arlington*, 219 S.W. 3d 401, 411-12 (Tex. App. - Fort Worth 2006, pet. denied) ...............................................12

*Ron v. Airtrain Airways*, 397 S.W.3d 785, 800 (Tex. App. - Houston 2013)(no pet.) ....................................................................................8

*Ryder v. Fayette County,* 453 S.W. 3d 922, 928 (2015) .............................4

*Shlumberger Well Surveying Corp. v. Nortex Oil & Gas Corp.,* 435 S.W.2d 854, 858 (Tex. 1968) ...............................................9

*Smith v. Janda*, 126 S.W.3d 543, 545-46 (Tex. App.-San Antonio 2003, no pet) .......................................................................12

*Texas Department of Public Safety v. Grisham*, 232 S.W.3d 822 (Tex App. - Houston [14th Dist.] 2007, no pet.) ...........................................8

*Townsend v. City of Alvin*, No. 14-05-000915-CV, 2006 WL 2354922, at *1 (Tex. App-Houston 2006) .......................................................7

*Travis v. City of Mesquite,* 830 S.W.2d 94 (Tex. 1992) ...............................4

*University of Houston v. Clark*, 38 S.W.3d 578, 579 (Tex. 2000)...............15

*Williams v. City of Baytown*, No. 01-14-000269-CV 2015 WL 209488 (May 5, 2015)........................................................................6

**Statutes**

TTCA §101.055(2), Tex. Civ. Prac & Rem. Code.....................................10

Tex. Govt. Code Ann. §311.021............................................................10

**NO. 13-15-133-CV**


**IN THE COURT OF APPEALS FOR
THE THIRTEENTH DISTRICT OF TEXAS APPEAL
AT EDINBURG**

_____

**CITY OF PHARR TEXAS,**
**Appellant**

**VS.**

**DORA HERRERA , ET AL**
**Appellee**

_____

**Original Appellate Proceeding from the County
370TH District Court - Hidalgo County, Texas**

_____

**APPELLANT CITY OF PHARR'S
REPLY BRIEF**
_____

May it Please the Court:

COMES NOW the APPELLANT, the CITY OF PHARR TEXAS (hereafter, "APPELLANT" or DEFENDANT" or "CITY") and files this Reply Brief in accordance with the Texas Rules of Appellate Procedure ("TRAP").

For clarity, APPELLANT will be referred to as "the City" or "Defendant" and the APPELLEES shall be referred to as the "Plaintiffs" or "Herrera".[1]

## II. REPLY BRIEF

The Appellant City of Pharr files it this Reply to the following Issues contained in Appellee's Responsive Brief.

**Issue Presented #1: The Trial Court Erred in Denying the Defendant City's Jurisdictional Plea Because Plaintiff Never Presented, in Pleading or Proof, a Cause of Action That Overcomes the General Rules of Government Immunity.**

### A. The Motor Vehicle Exception and the Requirement of Causation

Plaintiffs, in their brief continue to rely on the plurality opinion of Texas Supreme Court case *Travis v. City of Mesquite,* 830 S.W.2d 94 (Tex. 1992) as their sole basis for their argument that the City's immunity has been waived. Plaintiffs further argue that the cases cited by the Defendant are in direct contradiction with the Texas Supreme Court. This is not the case as the City has cited to numerous Texas Supreme Court cases that support that defense that the fatal accident did not "arise from" the City's use of a motor-driven vehicle.

Plaintiffs cite to Texas Supreme Court case *Ryder v. Fayette County,* 453 S.W. 3d 922, 928 (2015) which states that the "arises from" requirement means that the vehicle's use "must have actually caused the injury." In *Ryder,* the Supreme Court states:

---

[1] Also, shorthand references to "CR" shall be to "Clerk's Record." References to "SCR" shall be references to "Supplemental Clerk's Record." References to "Apdx" shall be to the "Appendix" which is incorporated herein as an aid to the Court. References to "RR" shall be to the "Reporters Record."

"[The] tortious act alleged must relate to the defendant's operation of the vehicle rather than to some aspect of the defendant's conduct. In other words, even where the plaintiff has alleged a tort on the part of a government driver, there is no immunity waiver absent the negligent or otherwise improper use of a motor-driven vehicle. For example, a driver's failure to supervise children at a bus stop may rise to the level of negligence, but that shortcoming cannot accurately be characterized as negligent operation of the bus. *See generally Mount Pleasant Indep. Sch. Dist. v. Estate of Lindburg,* 766 S.W.2d 208 (Tex. 1989). Where the vehicle itself "is only the setting" for defendant's wrongful conduct, any resulting harm will not give rise to a claim for which immunity is waived under Section 101.021. *LeLeaux v. Hamshire-Fannett Indep. Sch. Dist.,* 835 S.W. 2d 49, 51 (Tex. 1992).

*Ryder,* 453 S.W.3d at 928. Here, it cannot reasonably be argued that the City's patrol vehicle "actually" caused the injury.

Plaintiffs consider the Dallas Court of Appeals case *City of Dallas v. Hillis* case as a rogue case which is inconsistent with the general standards of proximate cause. That is not so. The Supreme Court in *Ryder* quotes the Dallas Court of Appeals case with approval: "When an alleged cause is geographically, temporally, or causally attenuated from the alleged effect, that attenuation will tend to show that the alleged cause did not more than furnish the condition that made the effect possible." *Ryder*, at 930, quoting *City of Dallas v. Hillis*, 308 S.W.3d 526, 532 (Tex. App - Dallas).

Further, the *Hillis* court relies on Texas Supreme Court case *Dallas County Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 343 (Tex.1998) in which an escaped mental patient's death on a freeway was "distant geographically, temporally, and causally" from the unlocked doors through which he escaped. *Bossley,* 968 S.W.2d at 343. The Texas Supreme Court has noted that this nexus requirement is consistent with the clear intent

of the TTCA that the waiver of sovereign immunity be limited. *LeLeaux v. Hamshire-Fannett Indep. Sch. Dist.*, 835 S.W.2d 49, 51 (Tex. 1992).

In *Whitley* (cited in Defendant's brief), the Texas Supreme Court considered whether a plaintiff could sue a local transit authority for injuries that he sustained during an altercation with a fellow passenger. 104 S.W.3d at 541. The bus driver has required the plaintiff to exit the bus in the vicinity of the passenger who had assaulted the plaintiff. *Id.* The Texas Supreme Court concluded that immunity was not waived under the TTCA because the bus passenger's injuries did not arise from the government driver's operation of the bus. *Id.* at 542-43. *Hillis* relied on *Whitley* in rejecting the notion that immunity is waived simply because a collision took place in the context of a police chase. *Hillis*, 308 S.W.3d at 532.

The San Antonio Court of Appeals in *Lopez v. Escobar*, No. 04-13-00151-CV, 2013 WL 4679062, at *5 (Tex. App.-San Antonio Aug 28, 2013, no pet.) also followed the reasoning from the *Hillis* court. *Lopez* involved an incident in which police officers signaled a truck to stop in a highway median, but the truck driver instead attempted to flee and went into oncoming traffic where he collided with Escobar, the plaintiff. *Id.* at *2. The San Antonio Court of Appeal held that "pursuing" the truck driver into the median did not proximately cause Escobar's injuries, but rather, the suspect driver caused them. *Id.* at *4, *6.

In *Williams v. City of Baytown*, No. 01-14-000269-CV 2015 WL 209488 (May 5, 2015), the Houston Court of Appeals held that immunity had not been waived in a police chase in which the suspect vehicle rammed through a police barricade and police pursued and ultimately rear-ended plaintiff's vehicle. The police officers in *Williams* were only 10 seconds behind the suspect when the accident occurred. The plaintiff's alleged that the City was

negligent in using their vehicle in the foiled attempt to box-in the suspect vehicle. *Hillis* is also relied on by *Williams* court, but further cites to the holding in Texas Supreme Court case *Ryder* in stating that the plaintiff's had "failed to show a waiver of immunity through the operation of a police vehicle – no police car was directly involved in the collision – no officer blinded oncoming traffic or entered a freeway access road the wrong way during the chase." *Williams,* at \*7. Specifically, the court held that "the decision to try to box-in the fleeing suspects was too attenuated from [the suspect's] decision to evade the officer and continue his reckless flight. As a result, the officer's failed strategy was not a proximate cause of the accident." *Williams*, at \*8.

Similarly, in *Townsend v. City of Alvin*, No. 14-05-000915-CV, 2006 WL 2354922, at \*1 (Tex. App-Houston 2006), the Houston Court of Appeals also rejected the plaintiff's contention that a police officer exercised control over a speeding individual's vehicle when the officer instructed the individual to driver straight homer after a traffic stop, even though the driver did not possess a driver's license. *Id.* at \*1. The suspect driver in that case ran a red light and killed another driver on the road a few minutes after the police encounter. *Id.* The court held that the facts alleged did not establish waiver of immunity because the police officer did not control the suspect's car at the time of the accident. *Id.* at \*3-4.

The Plaintiffs ignore completely the undisputed fact that it was the suspect driver, Quintero, who hit Plaintiff's vehicle. The chain of causation is broken when the injury most directly results from another person's own decisions. *City of Sugarland v. Ballard*, 174 S.W.3d 259 (Tex. App. - Houston [1st Dist.] 2005, no pet.) (Plaintiff's deliberate decision to flee from police undercuts the claim that resulting injuries are "caused" by the police when the Plaintiff is struck by another vehicle); *Texas Department of Public Safety*

*v. Grisham*, 232 S.W.3d 822 (Tex. App .- Houston [14th Dist.] 2007, no pet.) (Use of police car merely furnished the condition that made injury possible and did not actually cause the injury and driver's decision to change lanes and collide with another vehicle actually caused his injuries.). The causal nexus here, involving a Pharr patrol vehicle that was nowhere near the accident site itself, is too attenuated, and the jurisdictional plea should have been granted as a matter of law.

In a recent Court of Appeals case out of Waco, the court again held that the City's immunity was not waived as the accident did not "arise from" the city's use of the motor-driven vehicle. *Northcutt v. City of Hearne*, No. 10-14-00012-CV, 2015 WL 4727197 (July 30, 2015). In *Northcutt*, the plaintiff alleged that Officer Sullivan was stationed in a private drive with his lights off setting up a speed trap. As the plaintiff approached the speed trap, the officer flipped on his lights and pulled out of the private drive onto the shoulder causing the plaintiff to swerve to avoid contact. As a result, the plaintiff lost control of the motorcycle, flipped on its side, in which the plaintiff died as a result of the accident. The court held specifically, that the accident in question was not proximately caused by the officer's police unit. The Court stated that "without a number of unreasonable assumptions and stacked inferences" there was no evidence to create a fact issue as to whether or not the officer's action caused the plaintiff's injuries. *Northcutt*, at *4. As it was Northcutt's burden to provide evidence demonstrating a causal nexus, she failed in meeting the burden. *Northcutt*, at *4, *citing to Ron v. Airtrain Airways*, 397 S.W.3d 785, 800 (Tex. App. - Houston 2013)(no pet.)("This court should not find genuine facts issue precluding summary judgment by unreasonable inferences from the summary –judgment evidence or by pilin on one inference upon another" (citing *Shlumberger Well Surveying Corp. v. Nortex*

*Oil & Gas Corp.,* 435 S.W.2d 854, 858 (Tex. 1968). *Northcutt,* citing to *Hillis* and *Ryder,* found that Northcutt's complaints about the officer's actions "seem to be more properly classified as a condition that made the accident possible, rather than the actual cause of the accident itself." *Northcutt,* at \*5

In attempting to connect Quintero's decision to flee from Officer Gonzalez to an act by the city, Plaintiffs seek to stretch the causal connection "net to include the officer's decision to pull Quintero over and the decision to pursue the fleeing vehicle. Following this train of "unreasonable assumption and stacked inferences" would cast the net of causation to include that the tragic death of the Plaintiff was "caused by" Officer Gonzalez clocking into work that day. This goes against the basic purpose of section 101.021 in which immunity is waived "only to a limited degree." *Bossley¸*968 S.W.2d 339, 343 (Tex. 1998).

Plaintiffs cannot meet the causal nexus requirement to get around immunity because reasonable minds cannot differ as to the most important facts of this case. It is not disputed that Officer Gonzales did not come into contact with Quintero's vehicle and most importantly did not come into contact with the Decedent's vehicle. It is not disputed that Officer Gonzalez in no way forced Quintero's vehicle into another object, barrier, or vehicle. It is not disputed that the pursuit by Officer Gonzales ended more than 3 miles from the collision, yet Quintero continued, on his own volition, to travel at a high rate of speed thereby placing himself and others in danger. CR at 60-71, 74-79; SCR at 33-38.

Again, Plaintiffs rely soley on the plurality opinion of *Travis v. City of Mesquite,* 830 S.W.2d 94 (Tex. 1992). The plaintiff in *Hillis* also relied on *Travis,* and the Court of Appeals found the case distinguishable. *Hillis,* 308 S.W.3d at 535. The *Travis* court "did not consider the narrower issue of

whether the *use* of a police car was the actual cause of the accident in question. By contract, this case squarely presents the question of what constitutes a sufficient causal nexus between the use of the police vehicle and subsequent accident." *Hillis*, 308 S.W.3d at 535.

Likewise, in the case at hand, the question is whether the Plaintiffs' claims "arise" out of the City's use of the police vehicle and the evidence establishes that it does not.

## B.    The Standard of Care In An Emergency Situation

Defendant City asserts that it retains immunity from such claims, as the Texas Tort Claims Act does not waive sovereign immunity for claims arising from an employee responding to an emergency call or reacting to an emergency situation. §101.055(2), TCP&RC. Under the Texas Gov't Code, the intention of enacting statutes and there is a presumption that the entire status is intended to be effective, that a just and reasonable result is intended, and that public interest is favored over any private interest. Tex. Govt. Code Ann. §311.021.

Plaintiffs, in their response to the City's brief, makes only conclusory allegations through their expert that Officer Gonzalez' actions were taken with conscious indifference and reckless disregard for the safety of others. Plaintiffs further fail to cite to any case law whatsoever in support of their argument. They cannot simply ignore Texas Supreme Court precedent on this well settled issue.

The Texas Supreme Court explains that imposing liability for a mere failure in judgment could deter emergency personnel from acting decisively and from taking calculated risks. *City of Amarillo v. Martin*, 971 S.W.2d 426, 430 (Tex.1998). This would allow for the judicial second guessing of the split-second and time-pressured decisions emergency personnel are forced to

make. *City of Amarillo v. Martin*, 971 S.W.2d 426 (Tex.1998). Under emergency conditions, an emergency vehicle operator is entitled to various privileges. *Martin,* at 428 (referring to Tex. Trans. Code §546.001-005 which allow emergency vehicle to proceed past a red light or stop sign, exceed the maximum speed limit, or disregard regulation governing the direction of movement in traffic).

Plaintiff's attach to their brief the dash cam video from Officer Gonzalez' police unit in support of their argument. (Pltfs SCR Ex. E).However, the dash cam from Gonzalez' vehicle only proves that Officer Gonzalez acted reasonably and in good faith.

At approximately time index 1:05, Officer Gonzalez begins the pursuit of the suspect vehicle driven by Quintero and Quintero then refuses to stop. As the pursuit begins Officer Gonzalez is continuously updating dispatch and his supervisors of the pursuit to include the information regarding speed, and what cross streets that are passed and other general observations. (Pltfs SCR Ex. E). Throughout the video, it is clear that at each intersection, Officer Gonzalez slows his vehicle. (See time index 8:00 (slows at stop sign); 8:30 (slows stop sign); 8:50 (slows at stop sign); 9:18 (slows at intersection; 9:50 (slows at intersection); and 10:40 (slows at intersection). (Pltfs SCR Ex. E).

Further, at time index 12:00 Officer Gonzalez requests that dispatch make contact with other agencies for spike strips or else he would need to disengage the pursuit. (Pltfs SCR Ex. E at 12:00). At 12:25, Officer Gonzalez advises dispatch again that he would need to disengage the pursuit unless other officers were able to assist with spike strips. (Pltfs SCR Ex. E, at 12:25). At approximately 12:38 Officer Gonzalez advises dispatch that he is disregarding the pursuit as the suspect driver is "traveling recklessly." (Pltfs SCR Ex. E, at 12:38.) At time index 14:00, Plaintiff makes

contact with a DPS Trooper and states "still going;" he does not advise or request that DPS continue with the pursuit. (Pltfs SCR Ex. E, at 14:00). Approximately 3 mi from where Officer Gonzalez disengages from the pursuit, Quintero crashed into the Plaintiff's vehicle. (CR at 60-71, 74-79; SCR 33-38) It is not disputed that four law enforcement agencies (Pharr, Alamo, Hidalgo County, and DPS) were involved in the pursuit. This only further establishes the reasonableness of the officers' actions. To deduce anything more would introduce the judicial second guessing of the split-second and time-pressured decisions of emergency personnel in which the Supreme Court has held is not the intent of their rulings. *City of Amarillo v. Martin*, 971 S.W.2d 426 (Tex.1998).

Plaintiffs not only fail to cite to any case law supporting their argument, but also fail to distinguish their case from rulings in which other courts have determined that actual collisions with emergency vehicles are insufficient to show reckless disregard and cannot defeat immunity. See *City of Pasadena v. Kuhn*, 260 S.W.3d 93, 99-100 (Tex. App - Houston 2008) (holding officer's actions *not* taken with conscious indifference or reckless disregard for safety of citizen when officer collided with citizen after slowing down to enter intersection); *Pakdimounivong v. City of Arlington*, 219 S.W. 3d 401, 411-12 (Tex. App. - Fort Worth 2006, pet. denied)(holding that officers' actions were *not* taken with conscious indifference or reckless disregard for safety of deceased when no evidence showed that officers did not care what happened to deceased); *Smith v. Janda*, 126 S.W.3d 543, 545-46 (Tex. App.-San Antonio 2003, no pet) (holding that evidence was insufficient to establish recklessness when ambulance driven to emergency with lights and sirens activated as it approached intersection, other drivers at intersection could hear and see sirens and lights, ambulance driver slowed down and

looked around and then proceeded into intersection without coming to complete stop); *City of San Angelo Fire Dept. v. Hudson*, 179 S.W.3d 695, 701-02 (Tex. App. - Austin 2005, no pet.) (holding no evidence of reckless disregard for safety of others when officer entered intersection without stopping and witness did not hear brakes being applied).

**Issue Presented #2: The City Can Not Be Held Liable Under the Tort Claims Act Because Officer Gonzalez Would Otherwise Be Entitled to Official Immunity For Carrying Out His Law Enforcement Duties In Good Faith.**

### A. Officer Gonzalez Acted In Reasonable Good Faith As A Matter of Law

The Plaintiffs do not dispute that if Officer Gonzalez was acting in good faith, then he and the City of Pharr retain official immunity. Plaintiffs also cite to Corpus Christi Court of Appeals case *Cameron County v. Alvarado* in support of their argument. *Alvarado* cites to Texas Supreme Court Case *City of Lancaster v. Chambers,* 883, S.W.2d 650, 653 (Tex.1994). In *Chambers*, the Supreme Court of Texas held that an officer establishes good faith in a police-pursuit case by showing that a reasonably prudent officer *could have* believed it necessary to continue the pursuit, balancing the need for immediate police intervention against the risk of harm to the public. *Id.*

*Alvarado* quotes *Chambers* when holding that the "could have believed" aspect of the good faith test means that, in order to be entitled to summary judgment, a police officer must prove that a reasonably prudent officer might have believed that the pursuit should have been continued. *Alvarado*, at 880. (citing to *Chambers,* at 656-57). The test is one of "objective legal reasonableness" and the immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Chambers* at 656.

It's important to note that the City of Pharr was not the only law enforcement agency in pursuit of Quintero. Four other agencies were involved in the pursuit and DPS continued the pursuit after Officer Gonzalez chose to disregard. (CR at 60-71, 74-79; SCR 33-38; Pltfs SCR Ex. E).

Officer Gonzalez acted in good faith with regard to all actions taken by him in regards to this pursuit. (CR at 60-71, 74-79; SCR 33-38.) Officer Gonzalez balanced the need for taking the action he did against the risks of harm to the public posed and proceeded appropriately. This is evident in the fact that Officer Gonzalez disengaged from the pursuit when he felt it was becoming more dangerous. (CR at 60-71, 74-79; SCR 33-38; Pltfs SCR Ex. E at 12:28) Even after Gonzalez chose to disengage from the pursuit, DPS continued to pursue Quintero. (CR at 60-71, 74-79; SCR 33-38; Pltfs SCR Ex. E). At this point, Officer Gonzalez is no longer, as a matter of fact and of law, a causal factor in the collision that happened later.

The Plaintiffs have not, and cannot, show that *no* reasonable officer in Officer Gonzalez's position could have ever believed the facts justified his response. This is important, because to create a genuine issue of material fact, Plaintiffs must do more than show that Officer Gonzalez was negligent, or that a reasonably prudent officer could have reached a different decision. They must show that *absolutely no reasonable police officer* would ever engage in and continue with this pursuit in the way and fashion in which Gonzalez did. The fact that four other law enforcement agencies engaged in and continued the pursuit after Officer Gonzalez disengaged from the pursuit establishes that Officer Gonzalez acted reasonably. "[T]o controvert a police officer's summary judgment proof on good faith, the [respondent] must do more than show that a reasonable prudent officer could have decided to stop the pursuit. The respondent must show that *no* reasonable person in the

officer's position could have thought that the facts justified the officer's acts." *Wadewitz*, at 467.

As such, Gonzalez is entitled to official immunity, and the City is, by extension, consequently entitled to its government immunity. *University of Houston v. Clark*, 38 S.W.3d 578, 579 (Tex. 2000); *DeWitt v. Harris County*, 904 S.W.2d 650, 653 (Tex. 1995).

## CONCLUSION & PRAYER FOR RELIEF

Therefore, based on any one or more of the reasons outlined above, the Appellant City of Pharr Texas requests and prays that this Court should REVERSE the trial court's order denying the Plea to the Jurisdiction as to the Plaintiffs' personal injuries claim and RENDER Judgment that the Plaintiff/Appellee's claims be dismissed for want of subject-matter jurisdiction.

In addition, Appellant also requests any further and additional relief to which it is entitled, at law or in equity.

SIGNED this 17th day of SEPTEMBER, 2015.

Respectfully Submitted,

**DENTON NAVARRO ROCHA BERNAL HYDE & ZECH**
**A Professional Corporation**
701 E. Harrison, Ste. 100
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

By: /s/ *Ricardo J. Navarro*
RICARDO J. NAVARRO
Attorney In Charge
State Bar No. 14829100
Email: rjnavarro@rampage-rgv.com

By: /s/ *Rebecca S. Hayward*
REBECCA S. HAYWARD
State Bar No. 24080709
Email: rhayward@rampage-rgv.com
**COUNSEL FOR APPELLANT**
**THE CITY OF PHARR, TEXAS**

## CERTIFICATE OF COMPLIANCE

Undersigned counsel for the Defendant / Appellant, the City of Pharr, Texas hereby certifies that this Brief complies with Texas Rule of Appellate Procedure 9.4 and contains approximately [3,564] words, as measured in the TRAP Rules.

/s/ *Ricardo J. Navarro*
RICARDO J. NAVARRO
REBECCA S. HAYWARD

## CERTIFICATE OF SERVICE

Pursuant to TRAP 9.5, I certify that a true copy of this document has been sent served in accordance with one or more of the methods of service recognized by the Texas Rules of Appellate Procedure to the counsel or the parties identified below on the 17th day of SEPTEMBER, 2015.

Mr. Wyatt Snider
Snider Law Firm
550 Fannin Ste 111
Beaumont, Texas 77701
**Counsel for Appellee**

*Ricardo J. Navarro*
RICARDO J. NAVARRO
REBECCA S. HAYWAR